2021 IL App (1st) 191478-U

SIXTH DIVISION
July 23, 2021

No. 1-19-1478

**NOTICE:** This order was filed under Supreme Court Rule 23 and is not precedent except in the limited circumstances allowed under Rule 23(e)(1).

IN THE
APPELLATE COURT OF ILLINOIS
FIRST DISTRICT

| | | |
|---|---|---|
| THE PEOPLE OF THE STATE OF ILLINOIS, | ) | Appeal from the |
| | ) | Circuit Court of |
| Plaintiff-Appellee, | ) | Cook County. |
| | ) | |
| v. | ) | No. 12 CR 12571 |
| | ) | |
| CLINTON MOORE, | ) | Honorable |
| | ) | Thomas J. Byrne, |
| Defendant-Appellant. | ) | Judge Presiding. |

PRESIDING JUSTICE MIKVA delivered the judgment of the court.
Justices Connors and Harris concurred in the judgment.

**ORDER**

¶ 1    *Held*:  Circuit court's summary dismissal of defendant's *pro se* postconviction petition is affirmed where defendant cannot demonstrate arguable prejudice from trial and appellate counsel's decision not to challenge the sufficiency of the evidence supporting his conviction for being an armed habitual criminal with respect to the State not introducing a firearm at trial.

¶ 2    Defendant Clinton Moore appeals the circuit court's summary dismissal of his *pro se* postconviction petition. Mr. Moore contends he raised arguable claims that trial and appellate counsel rendered ineffective assistance by failing to challenge the sufficiency of the evidence supporting his conviction for being an armed habitual criminal where the State did not introduce a firearm at trial. We affirm.

¶ 3                                    I. BACKGROUND

¶ 4      Mr. Moore was charged with one count of being an armed habitual criminal (720 ILCS 5/24-1.7(a) (West 2012)) and two counts of unlawful use or possession of a weapon by a felon (720 ILCS 5/24-1.1(a) (West 2012)), for knowingly possessing a firearm and ammunition having been convicted of prior felonies. Following a bench trial, he was found guilty on all counts and was sentenced to 11 years in prison on the armed habitual criminal count. We affirmed on direct appeal. *People v. Moore*, 2017 IL App (1st) 152419-U.

¶ 5      This appeal only concerns Mr. Moore's postconviction claims of ineffective assistance of trial and appellate counsel. Thus, we recite only the facts necessary to decide this appeal.

¶ 6      Mr. Moore filed a pretrial motion to quash his arrest and suppress evidence. At a hearing on this motion, Chicago police officer Patrick Kinney testified he was on duty at approximately 12 a.m. on June 16, 2012. Officer Kinney saw Mr. Moore, whom he identified in court, on a porch on the north side of a two-story apartment building on the 7000 block of South Wentworth Avenue. He identified a photograph of the building and testified he arrested Mr. Moore in a bedroom inside the building. Mr. Moore did not have a firearm on his person when Officer Kinney arrested him.

¶ 7      On cross-examination, Officer Kinney testified he was in plainclothes and using an unmarked police vehicle. When he was on patrol near 70th Street and Yale Avenue, he heard five or six gunshots east of his location. Officer Kinney drove to the location of the gunshots and spoke to "a number of individuals who indicated towards the building" on the 7000 block of South Wentworth. He exited his police vehicle and was approaching the building when he saw Mr. Moore 20 to 25 feet away on the porch. Mr. Moore had what Officer Kinney believed to be a semiautomatic firearm in his hand; Officer Kinney could see "what would be the barrel and what would be just below where the magazine or the—the magazine well is of the handgun."

¶ 8    Mr. Moore looked at Officer Kinney and fled into the building. Officer Kinney followed him through "the same rear door of the second-floor apartment that he entered" and found Mr. Moore "at the west end of the apartment just before entering a bedroom on the north side of the building." Officer Kinney saw Mr. Moore drop the firearm to the floor just before he entered the bedroom; Officer Kinney later "went back" to recover it.

¶ 9    On redirect examination, Officer Kinney testified he was looking through a fence and up two flights of stairs when he saw Mr. Moore on the porch; there were no lights on in the area where Mr. Moore was standing. Mr. Moore was holding an object in his right hand. Officer Kinney recognized this object immediately as a firearm based on his training in firearms identification and experience as a police officer. Officer Kinney approached the building and was at the bottom of a stairway when Mr. Moore entered the building through a door Officer Kinney could not see. The firearm was not in the bedroom where Officer Kinney found Mr. Moore.

¶ 10    The court denied Mr. Moore's motion to quash and suppress.

¶ 11    At trial, Officer Kinney testified consistently with his testimony at the suppression hearing. He was approximately 10 feet away from Mr. Moore when he saw Mr. Moore drop the firearm. The lights inside the building were on. Officer Kinney recovered the firearm approximately 30 seconds after Mr. Moore dropped it; it was "a loaded .40 semiautomatic handgun" with six live rounds. Officer Kinney inventoried the firearm when he returned to the police station.

¶ 12    The State moved into evidence certified copies of Mr. Moore's prior convictions for manufacturing and delivering narcotics and unlawful use of a weapon by a felon.

¶ 13    Lisa Johnson testified she was with Mr. Moore, whom she identified in court, at approximately midnight on June 16, 2012. She and Mr. Moore had been in a second-floor bedroom in an apartment on the 7000 block of South Wentworth for "two or three hours" when Ms. Johnson

saw a police officer arrest Mr. Moore in that bedroom. Ms. Johnson did not see Mr. Moore with a firearm in the bedroom. The officer took her and Mr. Moore out to the back porch then went back into the building. Ms. Johnson saw the officer return to the porch with a firearm in his hand. She had not seen the firearm anywhere in the building or near Mr. Moore.

¶ 14 On cross-examination, Ms. Johnson testified she was with Mr. Moore in the bedroom from approximately 8 p.m. until police arrived. During the search of the apartment, the officer who took Ms. Johnson and Mr. Moore to the porch found a second firearm and showed it to her.

¶ 15 In closing, Mr. Moore argued Officer Kinney was not credible, Ms. Johnson was credible, and the State failed to prove Mr. Moore possessed a firearm. In rebuttal, the State argued Officer Kinney was credible and Ms. Johnson was not.

¶ 16 The court found Mr. Moore guilty on all counts. In issuing its ruling, the court found Officer Kinney credible.

¶ 17 Mr. Moore filed a motion for new trial, in which he argued, in relevant part, the State failed to prove Mr. Moore guilty beyond a reasonable doubt. The court denied this motion.

¶ 18 The trial court merged the unlawful use or possession of a weapon by a felon counts into the armed habitual criminal count and sentenced Mr. Moore to 11 years in prison.

¶ 19 On direct appeal, we affirmed Mr. Moore's conviction and rejected his arguments that the trial court erred in denying his motion to quash and suppress, that the evidence of his guilt was insufficient because Officer Kinney was not credible, and that trial counsel was ineffective for failing to impeach Officer Kinney with his testimony from the suppression hearing. *Moore*, 2017 IL App (1st) 152419-U, ¶¶ 1-2.

¶ 20 On March 8, 2019, Mr. Moore filed a *pro se* postconviction petition, which alleged ineffective assistance of trial counsel "where defense counsel failed to raise in [Mr. Moore's]

Motion for new trial [Mr. Moore] was found guilty of Armed Habitual Criminal when no firearm was presented at his trial." Mr. Moore also alleged appellate counsel was ineffective for failing to argue the State did not introduce a firearm at trial.

¶ 21    On April 25, 2019, the circuit court summarily dismissed Mr. Moore's postconviction petition. The court found Mr. Moore's petition was untimely, his claim of ineffective assistance of trial counsel was forfeited because Mr. Moore could have raised it on direct appeal, and his claims of ineffective assistance of trial and appellate counsel were "bald," "conclusory," and insufficient to warrant postconviction relief where Mr. Moore made no attempt to demonstrate that counsel performed deficiently or that he was prejudiced by counsel's performance. This appeal followed.

¶ 22                                    II. JURISDICTION

¶ 23    Mr. Moore filed a motion for leave to file a late notice of appeal from the circuit court's April 25, 2019, dismissal on July 19, 2019, and we granted that motion on August 1, 2019. We have jurisdiction over this appeal pursuant to article VI, section 6, of the Illinois Constitution (Ill. Const. 1970, art. VI, § 6) and Illinois Supreme Court Rules 606 (eff. July 1, 2017) and 651(a) (eff. July 1, 2017), governing appeals from final judgments in postconviction proceedings.

¶ 24                                    III. ANALYSIS

¶ 25    On appeal, Mr. Moore contends the circuit court erred in summarily dismissing his postconviction petition. He argues he stated the gist of constitutional claims; thus, his petition should have advanced to second-stage review.

¶ 26    The State first argues Mr. Moore has forfeited his "entire argument on appeal" for noncompliance with Illinois Supreme Court Rule 341(h)(7) because he fails to clarify what issues he is raising on appeal and does not cite to relevant authority.

¶ 27    We do not find Mr. Moore has forfeited his arguments for failure to comply with Rule

341(h)(7). Mr. Moore's brief cites to "authorities and the pages of the record relied upon" in compliance with the rule. See Ill. S. Ct. R. 341(h)(7) (eff. Oct. 1, 2020). None of the deficiencies that the State cites are " 'so flagrant as to hinder or preclude review.' ". See *In re S.F.*, 2020 IL App (2d) 190248, ¶ 16 (quoting *Hubert v. Consolidated Medical Laboratories*, 306 Ill. App. 3d 1118, 1120 (1999)). The issues are straightforward, and the record is relatively short. We will address Mr. Moore's arguments on their merits.

¶ 28    The Post-Conviction Hearing Act provides a remedy to a defendant whose federal or state constitutional rights were substantially violated at trial. *People v. Dupree*, 2018 IL 122307, ¶ 28. Proceedings under the Act consist of three stages of review. *People v. Ms. Johnson*, 2018 IL 122227, ¶ 14.

¶ 29    The circuit court dismissed Mr. Moore's petition at the first stage. At the first stage, a defendant's petition need only state the "gist" of a constitutional claim. *People v. Bailey*, 2017 IL 121450, ¶ 18. The circuit court may only dismiss a petition at the first stage if a defendant's claims are " 'frivolous or patently without merit,' " which means the claims have "no arguable basis either in law or in fact." *People v. Boykins*, 2017 IL 121365, ¶ 9 (quoting 725 ILCS 5/122-2.1(a)(2) (West 2014)). Courts must give *pro se* petitions "a liberal construction" and review them "with a lenient eye, allowing borderline cases to proceed." (Internal quotations and citation omitted.) *People v. Hodges*, 234 Ill. 2d 1, 16-17 (2009). We review the dismissal of a postconviction petition at the first stage *de novo*. *Boykins*, 2017 IL 121365, ¶ 9.

¶ 30    Mr. Moore's postconviction petition includes a claim that trial and appellate counsel were ineffective because they failed to challenge the sufficiency of the evidence where the State did not introduce the firearm Mr. Moore possessed. A criminal defendant has the right to effective assistance of trial counsel and counsel on direct appeal. U.S. Const., amend. VI; *Strickland v.*

*Washington*, 466 U.S. 668, 686 (1984); *Evitts v. Lucey*, 469 U.S. 387, 396 (1985). We evaluate claims of ineffective assistance of trial counsel and appellate counsel under the same standard. *People v. Stephens*, 2012 IL App (1st) 110296, ¶ 109. At the first stage, a postconviction petition alleging ineffective assistance must show it is arguable both that (1) counsel's performance fell below an objective standard of reasonableness and (2) the defendant was prejudiced. *Hodges*, 234 Ill. 2d at 17.

¶ 31    Prejudice means "a reasonable probability exists that, but for counsel's errors, the result of the proceeding would have been different." *People v. Peterson*, 2017 IL 120331, ¶ 79. A reasonable probability means a probability sufficient to undermine confidence in the outcome of the proceeding. *Id.* If we can dispose of Mr. Moore's claim because he cannot show even the gist of a claim of probable prejudice, we need not address whether counsel's performance was objectively reasonable. *People v. Salas*, 2011 IL App (1st) 091880, ¶ 91.

¶ 32    To succeed on a claim of ineffective assistance of trial counsel for not raising an issue in a motion for new trial, a defendant must establish that the unpreserved issue "would otherwise have been found to be meritorious on appeal." *People v. Segoviano*, 189 Ill. 2d 228, 246 (2000). Similarly, it is not ineffective assistance for appellate counsel to refrain from making non-meritorious arguments. *People v. Guerrero*, 2018 IL App (2d) 160920, ¶ 43. Therefore, if the underlying issue would not have been meritorious on direct appeal, a defendant suffers no prejudice from trial or appellate counsel's decision not to raise it. *Segoviano*, 189 Ill. 2d at 246; *People v. Childress*, 191 Ill. 2d 168, 175 (2000).

¶ 33    We find Mr. Moore's postconviction claims of ineffective assistance of trial and appellate counsel are frivolous and patently without merit for two reasons. First, trial counsel's failure to raise the gun issue was evident from the trial record, so Mr. Moore could have raised his claim of

ineffective assistance of trial counsel on direct appeal. He did not; thus, that claim is forfeited. See *People v. Tate*, 2012 IL 112214, ¶ 8.

¶ 34    In addition, both claims of ineffective assistance are premised on the argument that the evidence was insufficient because the State did not introduce the firearm at trial and Officer Kinney's testimony was the only evidence of Mr. Moore's guilt. Courts evaluate a challenge to the sufficiency of the evidence by determining " 'whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt.' " *People v. Davidson*, 233 Ill. 2d 30, 43 (2009) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 (1979)). All reasonable inferences are drawn in favor of the State (*Davidson*, 233 Ill. 2d at 43), and the defendant does not receive a retrial (*People v. Sutherland*, 223 Ill. 2d 187, 242 (2006)). A defendant's conviction cannot be reversed "unless the evidence is so improbable or unsatisfactory that it creates a reasonable doubt of [the] defendant's guilt." *People v. Givens*, 237 Ill. 2d 311, 334 (2010).

¶ 35    Here, Mr. Moore cannot establish the gist of a claim there is a reasonable probability that the challenge he claims counsel should have made to the sufficiency of the evidence would have been successful. To prove Mr. Moore guilty of being an armed habitual criminal, the State had to prove he possessed a firearm. See 720 ILCS 5/24-1.7(a) (West 2012). Officer Kinney's testimony alone was sufficient to support Mr. Moore's conviction, as he saw Mr. Moore drop a firearm. *People v. Siguenza-Brito*, 235 Ill. 2d 213, 228 (2009) ("The testimony of a single witness, if positive and credible, is sufficient to convict."). The firearm was not necessary to support the trial court's guilty finding as the court found Officer Kinney credible. See *People v. Daheya*, 2013 IL App (1st) 122333, ¶ 76 (the State is not required to present physical evidence where credible testimony is sufficient to convict). Since it is clear that Mr. Moore cannot establish the prejudice

prong of *Strickland*, his ineffective assistance claims are frivolous.

¶ 36    Mr. Moore also appears to argue that the State introduced no evidence of whether his fingerprints were on the firearm or ammunition, whether the firearm had recently been fired, or whether gunshot residue was present on his clothes, even though the firearm was recovered by Officer Kinney and available to the State. As explained above, none of this evidence was necessary to sustain Mr. Moore's conviction for being an armed habitual criminal. See *id.* Thus, any claim based on this lack of evidence would be frivolous.

¶ 37    The remainder of Mr. Moore's arguments on appeal are unrelated to the arguments he advanced in his postconviction petition. For example, Mr. Moore's brief mentions "double jeopardy" and "failure to present available evidence in mitigation," and appears to challenge trial counsel's decision not to call his codefendant. Mr. Moore's reply brief suggests his trial counsel should have introduced the firearm because it would have shown there was "no physical connection" between Mr. Moore and the firearm. Even reading Mr. Moore's petition liberally, he did not raise any such arguments in the circuit court; thus, we do not consider them on appeal. See *People v. Thomas*, 2014 IL App (2d) 121001, ¶ 86 ("when a *pro se* petition is summarily dismissed, postconviction appellate counsel may not present novel arguments that bear no relationship to the petition."). Accordingly, the circuit court correctly dismissed Mr. Moore's postconviction petition.

¶ 38                               IV. CONCLUSION

¶ 39    For the foregoing reasons, we affirm the dismissal of Mr. Moore's postconviction petition.

¶ 40    Affirmed.